UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| JUSTIN FORD, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | )  No. __2:18-cv-01128_____ |
| | ) |
| POLARIS INDUSTRIES, INC., POLARIS | ) |
| ACCEPTANCE, INC., POLARIS SALES, | ) |
| INC., and MOTO SPORTS, INC. d/b/a | ) |
| R.G. HONDA-YAMAHA and R.G. | ) |
| MOTORSPORTS, | ) |
| | ) |
|       Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Polaris Industries Inc., Polaris Acceptance Inc., and Polaris Sales Inc. (collectively, "Polaris")—by and through their counsel, Clem C. Trischler of Pietragallo Gordon Alfano Bosick & Raspanti, LLP—hereby give notice, pursuant to 28 U.S.C. §§ 1332 and 1441, of the removal of the above-styled action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia. In support of removal, Polaris states further:

## I.   BACKGROUND

1.  Justin Ford ("Plaintiff") commenced this product-liability action by filing a Complaint on July 10, 2017, in the Circuit Court of Kanawha County, West Virginia, at No. 17-C-991. (*See generally* Ex. A, Complaint.)

2.  Plaintiff alleges that he was involved in an accident on May 14, 2017, while operating a recreational off-highway vehicle identified as a 2013 Polaris Ranger 500, VIN 4XARH550A5DE646687 (the "Subject Vehicle"). (*See id.* ¶¶ 10, 15, 16.)

1

3.      More specifically, Plaintiff claims that, on the date of the incident, the throttle "suddenly and without warning became stuck," causing the Subject Vehicle to accelerate over a nearby lumber pile, careen down a wooded hill, roll over "several times," and crash into a tree. (*Id.* ¶ 16.)

4.      Plaintiff alleges that he was taken by ambulance to Ruby Memorial Hospital, where he required surgery to repair a broken arm, with a second surgery several days later to repair a broken right wrist. (*Id.* ¶ 18.) He also claims to have sustained "nerve damage in his injured left arm, which may also require surgery," in addition to other "permanent, lasting" injuries. (*Id.* ¶¶ 18, 19.)

5.      Plaintiff seeks to recover compensatory damages for pain, suffering, annoyance, aggravation, inconvenience, and mental anguish associated with his personal injuries, as well as past and future medical expenses, past and future lost income, and past and future lost enjoyment of life. (*See, e.g.*, *id.* ¶ 25.)

6.      He also requests the imposition of punitive damages, alleging that Polaris acted with a "willful, wanton, and reckless disregard for the safety of users of its product." (*Id.* ¶ 38.)

7.      Plaintiff's Complaint sets forth five "Counts": (1) strict liability; (2) breach of express warranty; (3) breach of implied warranty; (4) negligence; and (5) "Punitive Damages."

## II.     JURISDICTIONAL BASIS FOR REMOVAL

### A.      The Matter in Controversy Exceeds $75,000

8.      A defendant's burden in alleging the existence of federal jurisdiction upon removal "is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

9.      A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

10.      As a result of the accident of May 14, 2017, Plaintiff allegedly sustained injuries to his left and right extremities, necessitating at least two surgeries, and other serious physical and emotional injuries.

11.      The Complaint includes a claim for past, present, and future medical bills, lost income, and other economic damages.

12.      Plaintiff also requests an award of punitive damages. *See Gordon v. Nat'l Bus. Consultants, Inc.*, 856 F.2d 186 (4th Cir. 1988) ("Exemplary or punitive damages may be included in determining whether a plaintiff has satisfied the amount in controversy requirement.").

13.      Although the Complaint states only that Plaintiff seeks compensatory and punitive damages "in an amount to be proven at trial," *see* Compl. *ad damnum* clause, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). In making its determination of whether it is facially apparent that the amount in controversy is satisfied, the Court may "employ[] its judicial experience [and] common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010).

14.      The question is whether, based on Plaintiff's allegations of permanent, severe injuries necessitating multiple rounds of surgery, considered in conjunction with his demand for punitive damages, it is more likely than not that a reasonable jury could value his lawsuit at more than $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also*

*Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

15.    Although Polaris denies Plaintiff is entitled to any damages whatsoever, it is obvious that the matter-in-controversy requirement is satisfied in this case. *See Vaughan v. Dixon*, No. 3:09-cv-50, 2009 WL 2913617, at *4 (N.D. W. Va. Sept. 8, 2009) (finding that "the face of Plaintiff's Complaint satisfies the amount in controversy" where it was alleged the plaintiff suffered "injuries to her back, neck and knees and other areas of her body" and "probably permanent disability"); *Campbell v. Restaurants First/Neighborhood Restaurant, Inc.*, 303 F. Supp. 2d 797, 799 (S.D. W. Va. 2004) ("[Plaintiff] emphasized in her complaint and in the demand letter the painful, and permanent, nature of her injuries. Although her medical bills total just shy of $20,000, when one considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied."); *Patton v. Wal-Mart Stores, Inc.*, No. 5:05-cv-655, 2005 WL 2352298 (S.D. W. Va. Sept. 26, 2005) (finding the amount in controversy requirement satisfied where plaintiff's counsel advised defendant of the possibility that the plaintiff would have to undergo further surgery "[e]ven though plaintiffs' medical bills are currently only $5,000").[1]

---

[1] *See also In re Digitek Prod. Liab. Litig.*, No. 2:09-cv-191, 2009 WL 1939170, at *4 (S.D. W. Va. June 30, 2009) (concluding that it is "facially apparent that the amount in controversy is likely to exceed $75,000" in a case involving allegations that the plaintiff suffered a "stroke, physical and mental pain and suffering, disability, and other "serious injuries"); *Evans v. CDX Servs., LLC*, 528 F. Supp. 2d 599, 606 (S.D. W. Va. 2007) (denying motion to remand where plaintiff sought damages for "serious bodily injury, tremendous pain and suffering, loss of earning capacity, and loss of ability to enjoy life" [internal quotations omitted]); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (affirming the denial of a motion to remand because it is "facially apparent" that a slip-and-fall case is worth more than $75,000 where plaintiff "sustained injuries to her right wrist, left knee and patella, and upper and lower back" and claimed "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement").

16.     Moreover, even if it weren't facially apparent from the Complaint that this case meets the jurisdictional minimum, the Court may consider "summary judgment-type evidence" to determine the matter in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

17.     Further demonstrating that the matter-in-controversy threshold has been met, Plaintiff has issued to Polaris a pre-removal written demand for settlement of $225,000. (*See* Ex. B, Correspondence of May 8, 2018.) *See also Justice v. Branch Banking & Tr. Co.*, No. 2:16-cv-3272, 2017 WL 55870, at *4 (S.D. W. Va. Jan. 4, 2017) (noting that settlement demands are relevant and may be considered in determining whether removal was proper).

18.     For the foregoing reasons, Polaris avers that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

**B.     Complete Diversity Exists**

19.     Plaintiff is a citizen of West Virginia. (Compl. ¶ 1.)

20.     Polaris Industries Inc. is a Minnesota corporation with its principal place of business in Minnesota. (*Id.* ¶ 2.)

21.     Polaris Acceptance Inc. is a Minnesota corporation with its principal place of business in Minnesota. (*Id.* ¶ 3.)

22.     Polaris Sales Inc. is a Minnesota corporation with its principal place of business in Minnesota. (*Id.* ¶ 4.)

23.     Moto Sports, Inc. is a West Virginia corporation with its principal place of business in West Virginia. (*Id.* ¶ 6.)

24.     However, because Plaintiff has settled with Moto Sports, Inc., it is now considered a "nominal" party whose citizenship is disregarded for purposes of diversity

jurisdiction. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1165–66 (4th Cir. 1988); *Allison v. Meadows*, No. 2:05-cv-00092, 2005 WL 2016815, at *1–4 (S.D. W. Va. Aug. 22, 2005); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (instructing that, for purposes of diversity jurisdiction, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy").

25.    This Court, therefore, has original subject matter jurisdiction over this action as there is complete diversity of citizenship among Plaintiff and Polaris and the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

### III.    PROCEDURAL ELEMENTS FOR REMOVAL

26.    This case was not removable when commenced on July 10, 2017, due to the presence of a non-diverse defendant, Moto Sports, Inc.

27.    "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

28.    On June 28, 2018, counsel for Polaris received written confirmation that Plaintiff had settled his claims with Moto Sports, Inc. This represented Polaris' first notice of the settlement between Plaintiff and the only non-diverse defendant. The notice of the settlement received by Polaris on June 28, 2018, is attached as Exhibit C.

29.    Written correspondence among counsel confirming settlement between the plaintiff and non-diverse parties constitutes an "other paper," as the term is used in 28 U.S.C. § 1446(b)(3), thereby granting the remaining, diverse defendants the right to remove to federal court. *Hessler v. Armstrong World Indus., Inc.*, 684 F. Supp. 393, 393–95 (D. Del. 1988).

30. Moreover, a written order formally dismissing Moto Sports, Inc. is not a prerequisite to removal. *King v. Kayak Mfg. Corp.*, 688 F. Supp. 227, 229–30 (N.D. W. Va. 1988); *Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 n.1 (8th Cir. 1985) (observing that settlement between plaintiff and non-diverse defendant "was final enough to support removal," even though that defendant had not been severed from state court suit at time of removal).

31. This Notice of Removal is filed within thirty days of Polaris' first notice of the settlement between Plaintiff and Moto Sport, Inc. and, therefore, is timely under 28 U.S.C. § 1446(b)(3). *See Allison*, 2005 WL 2016815, at *3 ("[T]he thirty day time-period begins when the defendant *ascertains* removability, not when it is *created*[.]" [emphasis in original]).

32. This removal is also timely under 28 U.S.C. § 1446(c)(1), because it is filed less than one year after commencement of the action.

33. This action is properly removed to the United States District Court for the Southern District of West Virginia, Charleston Division, because Plaintiff's Complaint was originally filed in the Circuit Court of Kanawha County, West Virginia, which lies geographically within this judicial district and division. *See* 28 U.S.C. §§ 129(b), 1441(a).

34. All remaining defendants consent to and join in the removal of this action. 28 U.S.C. § 1446(b)(2)(a). Having settled all claims against it, Moto Sports, Inc. is a nominal defendant whose consent is not required. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 (4th Cir. 2013); *Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 544 (8th Cir. 2015); *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006).

35. Copies of all process, pleadings, and orders served on or filed by Polaris in the underlying state-court action are attached as Exhibit D. *See id.* § 1446(a).

36.     Pursuant to LR Civ P 3.4(b), a copy of the docket sheet from the Circuit Court of Kanawha County is attached hereto as Exhibit E.

37.     Pursuant to Federal Rule of Civil Procedure 7.1, Polaris' disclosure statement is attached hereto as Exhibit F.

38.     A copy of this Notice will be filed with the Circuit Court of Kanawha County and served upon Plaintiff's counsel as required under 28 U.S.C. § 1446(d).

39.     Polaris submits that all procedural elements for removal are met.

## IV.     RESERVATIONS AND REQUEST FOR ORAL ARGUMENT IF REMAND IS SOUGHT

40.     If any question arises as to the propriety of the removal of this action, Polaris respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

41.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Polaris' right to assert any defense or affirmative matter including, without limitation, the defense of (a) lack of personal jurisdiction; (b) improper or inconvenient venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party; or (h) any other procedural or substantive defense available under state or federal law.

## V.     JURY DEMAND

Polaris demands a trial by jury on all issues so triable.

WHEREFORE, Defendants Polaris Industries Inc., Polaris Acceptance Inc., and Polaris Sales Inc. remove this action to the United States District Court for the Southern District of West Virginia.

Dated: July 6, 2018                    Respectfully submitted,

                                       PIETRAGALLO GORDON ALFANO BOSICK
                                       & RASPANTI, LLP

                                       By:  s/ Clem C. Trischler
                                       Clem C. Trischler (WV Bar No. 5267)
                                       One Oxford Centre, 38th Floor
                                       Pittsburgh, PA 15219
                                       412-263-1816 Telephone
                                       412-263-4246 Facsimile
                                       cct@pietragallo.com
                                       *Counsel for Polaris Industries Inc., Polaris
                                       Acceptance Inc., and Polaris Sales Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2018, I electronically filed the foregoing document with the Clerk of Court for United States District Court for the Southern District of West Virginia and served the same on the following counsel of record via First Class U.S. Mail, postage prepaid.

Russell A. Williams
Eric J. Buckner
Katz, Kantor, Stonestreet & Buckner, PLLC
112 Capitol Street, Suite 200
Charleston, WV 25301
*Counsel for Plaintiff Justin Ford*


Johnnie E. Brown
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
JamesMark Building
901 Quarrier Street
Charleston, WV 25301

*-and-*

Kenneth Hopper
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
2414 Cranberry Square
Morgantown, WV 26508
*Counsel for Nominal Defendant Moto Sport, Inc.*


*s/ Clem C. Trischler*
Clem C. Trischler

10